IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESUS CRUZ CHICAS<br>6420 14th Street NW, Apt. 303<br>Washington, DC 20012<br><br>      Plaintiff,<br><br>v.<br><br>STYLE CONCEPT STUDIO, L.L.C.<br>d/b/a LE GRENIER<br>502 H Street NE<br>Washington, DC 20002<br><br>MARIE-NOELLE ZIAR<br>4822 47th Street NW<br>Washington, DC 20016<br><br>SAID ZIAR<br>4822 47th Street NW<br>Washington, DC 20016<br><br>      Defendants. | Civil Action No. _____ |

## COMPLAINT

### Introduction

1. Defendants own and operate a French restaurant where plaintiff worked as a kitchen hand and dishwasher. For the duration of his employment, defendants did not pay plaintiff overtime wages for his overtime hours.

2. Plaintiff brings this action to recover damages for defendant's willful failure to pay plaintiff overtime wages, in violation of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C.

Code §§ 32-1301 *et seq*.; and the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq*.

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because defendants reside in this district, and a substantial part of the acts or omissions giving rise to plaintiff's claims occurred in this district.

## Parties

5. Plaintiff is an adult resident of Washington, DC.

6. Defendant Style Concept Studio, L.L.C. is a District of Columbia corporation with its principal place of business at: 502 H Street NE, Washington, DC 20002. Style Concept Studio, L.L.C. does business as "Le Grenier." Style Concept Studio, L.L.C.'s resident agent for service of process is: Ace Corporate Services, Inc., 5148 Linnean Terrace NW, Washington, DC 20008.

7. Defendant Marie-Noelle Ziar is an adult resident of Washington, DC. Along with her husband, defendant Said Ziar, she owns and operates Defendant Style Concept Studio, L.L.C.

8. Defendant Said Ziar is an adult resident of Washington, DC. Along with his wife, defendant Marie-Noelle Ziar, he owns and operates defendant Style Concept Studio, L.L.C.

9. Defendants Marie-Noelle Ziar and Said Ziar are the sole owners of defendant Style Concept Studio, L.L.C. Together, they exercise exclusive and unfettered control over the operations of Le Grenier restaurant, including control over the schedules and pay of the restaurant's employees.

**Factual Allegations**

10. Defendants owns and operate a French restaurant known as "Le Grenier," located in the H Street neighborhood of Washington, DC. The postal address for the restaurant is: 502 H Street NE, Washington, DC 20002.

11. Plaintiff was employed in defendants' restaurant as a kitchen hand and dishwasher.

12. Plaintiff was hired by Defendant Marie-Noelle Ziarin August 2013.

13. Plaintiff was employed in defendants' restaurant from approximately August 19, 2013 through approximately February 27, 2015.

14. At all relevant times, plaintiff worked approximately 56 hours per workweek on the premises of Le Grenier. Plaintiff typically worked the following schedule:

    a.    Monday:    Day off

    b.    Tuesday:    12:00 p.m. — 10:30/11:00 p.m.    (10 – 10.5 hours)

    c.    Wednesday:    08:00 a.m. — 10:30/11:00 p.m.    (14.5 – 15 hours)

    d.    Thursday:    03:00 p.m. — 10:30/11:00 p.m.    (7.5 – 8 hours)

    e.    Friday:    03:00 p.m. — 12:00/12:30 a.m.    (9 – 9.5 hours)

    f.    Saturday:    10:00 a.m. — 12:30/01:00 a.m.    (14.5 – 15 hours)

    g.    Sunday:    Day off

15. Plaintiff received a lunch break of approximately 20 minutes at approximately 4:00 p.m. each day.

16. Plaintiff's schedule was set by defendants Marie-Noelle Ziar and Said Ziar.

17. At the direction of defendant Marie-Noelle Ziar, plaintiff contemporaneously recorded his hours on timecards provided by defendants. However, plaintiff was not permitted to retain copies of these timecards.

18. From approximately August 19, 2013 through January 5, 2014, defendants paid plaintiff $9.50 per hour across all hours worked.

19. From approximately January 6, 2013 through February 27, 2015, defendants paid plaintiff $10.50 per hour across all hours worked.

20. Defendants paid plaintiff every two weeks. The first 40 hours of each week were paid by check with an accompanying paystub that reflected appropriate tax withholdings. The hours over 40 worked in each workweek were paid by cash.

21. When plaintiff's salary was $9.50/hour, plaintiff would receive, every two weeks:

    a. $760.00 in gross wages paid by check; and

    b. approximately $300 in cash.

22. When plaintiff's salary was $10.50/hour, plaintiff would receive, every two weeks:

    a. $840.00 in gross wages paid by check; and

    b. approximately $350 in cash.

23. At all relevant times, federal and D.C. law required defendant to pay plaintiff one and one half times the minimum wage for all hours worked over 40 in any one workweek.

24. Defendants owe Plaintiff approximately **$6,577.88** in overtime wages.

25. At all relevant times, defendants had more than two employees, and the annual gross volume of defendants' business exceeded $500,000.00.

26. At all relevant times, defendants Marie-Noelle Ziar and Said Ziar had the power to fire plaintiff.

27. At all relevant times, plaintiff was personally supervised in his work by defendants Marie-Noelle Ziar or Said Ziar.

28. At all relevant times, defendants Marie-Noelle Ziar or Said Ziar controlled plaintiff's work schedule.

29. At all relevant times, defendants Marie-Noelle Ziar or Said Ziar controlled plaintiff's rate of pay.

30. At all relevant times, defendants did not maintain true and accurate records of each hour, day, and week worked by plaintiff, or of how much plaintiff was paid for his work, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008. Accordingly, the exact amount of hours worked by and wages owed to plaintiff will only be known through discovery.

31. At all relevant times, defendants were aware that they were legally required to pay plaintiff one and one-half times his regular rate for all hours worked in excess of 40 hours in any one workweek.

32. At all relevant times, defendants were aware that they were legally required to timely pay plaintiff all wages that plaintiff was legally due.

## COUNT I
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

33. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

34. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

35. Defendants violated the FLSA by knowingly failing to pay plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of 40 hours in any one workweek.

36. Defendant's violations of the FLSA were willful.

37.     For their violations of the FLSA, defendants are liable to plaintiff for unpaid overtime compensation, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

38.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

39.     The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. D.C. Code § 32-1003(c).

40.     Defendants violated the DCMWA by knowingly failing to pay plaintiff one and one-half times the required minimum wage for hours worked in excess of 40 hours in any one workweek.

41.     Defendants' violations of the DCMWA were willful.

42.     For their violations of the DCMWA, defendants are liable to plaintiff for unpaid overtime compensation, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
### FAILURE TO PAY WAGES UNDER THE DCWPCL

43.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

44.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

45.     For purposes of the DCWPCL, "wages" includes, among other things, overtime wages. D.C Code § 32-1301(3).

46. Defendants violated the DCWPCL by knowingly failing to pay plaintiff all wages earned, including overtime wages.

47. Defendants' violations of the DCWPCL were willful.

48. For their violations of the DCWPCL, defendants are liable to plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter judgment against the defendants, jointly and severally, on all counts, and grant the following relief:

    a. Award plaintiff **$26,311.40**, consisting of the following overlapping elements:

        i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

        iii. unpaid wages, plus three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

    b. Award plaintiff prejudgment and postjudgment interest as permitted by law.

    c. Award plaintiff reasonable attorneys' fees and expenses incurred in the prosecution of this action;

    d. Award plaintiff court costs; and

    e. Award any additional relief the Court deems just.

Date: 03/20/2014                              Respectfully submitted,

                                                                  <u>/s/ Justin Zelikovitz, Esq.</u>
                                                                  Justin Zelikovitz, #986001
                                                                  LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
                                                                  519 H Street, NW; Second Floor
                                                                  Washington, DC 20001
                                                                  Phone: (202) 803-6083
                                                                  Fax: (202) 683-6102
                                                                  justin@dcwagelaw.com

                                                                 *Counsel for Plaintiff*